FILED
AUG 13 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GEORGE PENA,<br><br>Petitioner,<br><br>v.<br><br>J. SOTO, Warden,<br><br>Respondent. | No. C 14-02195 BLF (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

## BACKGROUND

According to the petition, Petitioner was found guilty of attempted murder along with an enhancement for firearm use resulting in great bodily injury by a jury in Santa Clara County Superior Court. (Pet. at 2.) Petitioner was sentenced to thirty-two years to life in state prison. (*Id.* at 1.)

Petitioner appealed his conviction, and the state appellate court affirmed. (Pet. at 3.) The state high court denied review in 2013. (*Ibid.*)

Petitioner filed state habeas petitions for writ of habeas corpus, with the California Supreme Court denying review on August 14, 2013. (*Id.* at 4.) Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which denied review on March 10, 2014. (*Ibid.*)

Petitioner filed the instant federal habeas petition on May 13, 2014.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id. § 2243*.

### B. Legal Claims

Petitioner claims the following ground for federal habeas relief: (1) the trial court erred by not instructing the jury to consider the less serious offenses of voluntary and attempted voluntary manslaughter; (2) ineffective assistance of counsel for failing to ask the court to instruct on completed and attempted voluntary manslaughter; and (3) ineffective assistance of counsel for failing to request self-defense instructions. Liberally construed, these claims are cognizable under § 2254 and merits an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the

Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED: Aug 13, 2014

BETH LABSON FREEMAN
United States District Judge

Order to Show Cause
P:\PRO-SE\BLF\HC.14\02195Pena_osc.wpd         3